**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MIGUEL ROSA,**

                                **Petitioner,**

        **-v-**                                                    **9:09-CV-00687**
                                                                   **(TJM)**
**DAVID F. NAPOLI,**

                                **Respondent.**

**APPEARANCES:**

**MIGUEL ROSA, 03-A-4889**
 **Petitioner,** *pro se*
**Hudson Correctional Facility**
**Box 576**
**Hudson, New York 12534**

**HON. ERIC T. SCHNEIDERMAN**              **PAUL B. LYONS, ESQUIRE**
**Attorney General for the State of New York**   **Assistant Attorney General**
**120 Broadway**
**New York, New York 10271**

**HON. THOMAS J. MCAVOY, Senior U.S. District Judge**

<u>**DECISION AND ORDER**</u>

        Petitioner Miguel Rosa, a state prisoner appearing *pro se*, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 in which he raises three substantive grounds for

habeas relief: (1) trial counsel was ineffective; (2) the police engaged in misconduct, and (3) the

prosecutor engaged in misconduct.  Dkt. No. 1 at 5-8.  Respondent has filed an answer,

memorandum of law and the relevant state court records.  Dkt. Nos. 7-9, 11.  For the reasons that

follow, the petition is denied and dismissed.

**I.      <u>Petitioner's failure to comply with orders</u>**

        Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court.  FED. R. CIV. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)).  Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1 (c)(2) may result in the dismissal of any pending action.  N.D.N.Y.L.R. 41.2(b).

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves consideration of whether the petitioner's failure caused a delay of considerable duration; whether the petitioner was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  A court must also carefully balance the need to alleviate court congestion with the petitioner's right to have his day in court, and the court must assess the efficacy of lesser sanctions.  *Id*.  Dismissal is a harsh remedy to be used only in "extreme situations."  *LeSane,* 239 F.3d at 209.  The Second Circuit has also "emphasized the importance of first giving a *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute [.]"  *Lowmack v. Napoli*, No. 07-CV-0200, 2011 WL 1560930, at *3 (W.D.N.Y. Apr. 5, 2011) (citing *Drake*, 375 F.3d at 251), *adopted by* 2011 WL 1560972 (W.D.N.Y. Apr. 25, 2011).

In this case, Petitioner was warned in a Decision and Order dated June 23, 2009, that he must "**promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**"  Dkt. No. 2 at 3 (emphasis in original).  Petitioner complied with that order on October 29, 2009 (Dkt. No. 10)

and November 27, 2009 (Dkt. No. 12).  According to publicly available information, however, Petitioner was released from the Hudson Correctional Facility on April 2, 2010.  *See* http://nysdocslookup.docs.state.ny.us.  He is currently serving a term of post-release supervision, and the maximum expiration date of his sentence is April 2, 2015.  *Id*.  To date, he has not notified the Court of his current address.[1]  It is neither the Court's function, nor the Respondent's responsibility, to search for Petitioner's possible location after his release.  *See Dansby v. Albany Cty. Corr. Facility*, No. 95–CV–1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (Pooler, D.J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.") (quoting *Perkins v. King*, No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (further citations omitted)).

---

[1]  Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some " 'collateral consequence' of the conviction" in order for a petition to be granted.  *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  A challenge to an underlying conviction itself carries the presumption that a collateral, adverse consequences exists.  *Spencer*, 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.' ") (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)); *Evitts v. Lucey*, 469 U.S. 387, 391 n. 4 (1985).  Petitioner's petition does not appear to have been rendered moot by his release from prison since he is challenging the underlying conviction, his sentence will not expire until 2015, and "collateral consequences can be presumed when challenging a felony conviction[.]"  *Cobos v. Unger*, 534 F. Supp. 2d 400, 403 (W.D.N.Y. Feb. 14, 2008)(citing *Sibron*, 392 U.S. at 54-56); *Spencer*, 523 U.S. at 12.

Petitioner's failure to comply with the Court's June 23, 2009, order, and his failure to comply with the Northern District of New York's Local Rules, convey the message that he no longer wants to pursue his petition.  Accordingly, Petitioner's habeas petition is dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rules 10.1(c)(2) and 41.2(a) and (b), for failure to prosecute this action and for failure to obey the Court's orders.[2]  *See Jackson v. Goord*, No. 01-0120, 29 Fed. Appx. 717, 718 (2d Cir. Feb. 22, 2002) (affirming dismissal of *pro se* prisoner civil rights action for failure to comply with a court order directing correction of a pleading over a five month period, despite notification of the possibility of dismissal in "bold-face print" in the district court's order); *Lowmack*, 2011 WL 1560930, at *2-3 (dismissing habeas corpus petition brought pursuant to 28 U.S.C. § 2254 for failing to comply with Fed. R. Civ. P. 41 (b) and Western District of New York Local Rule 72.3 (a)(3)); *Gaines v. Bezio*, No. 09-CV-0176, 2009 WL 2252140, at *2-3 (N.D.N.Y. Jul. 28, 2009) (dismissing action for failure to comply with Fed. R. Civ. P. 41 (b) and Local Rule 41.2 (b) where plaintiff was released from prison in March 2009 and failed to comply with court's order by filing an amended complaint and by providing a current address); *Wilson v. Perlman*, No. 07-CV-1128, 2009 WL 1851336, at *2-3 (N.D.N.Y. Jun. 26, 2009)(action dismissed pursuant to Fed. R. Civ. P. 41 (b) where plaintiff was released from prison in March 2009 and "failed to provide the court a current address where he can be reached for purposes of communications from the court.").

In the alternative, the petition is without merit.

---

[2]  It is worth noting that, to assist *pro se* litigants, the Clerk of the Court has provided to all correctional facilities in New York State copies of the Northern District's Pro Se Handbook and the Local Rules of Practice for this Court.

## II.  **Relevant Background**

Petitioner challenges a September 12, 2003, judgment of conviction in Schenectady County Court of second degree burglary (N.Y. PENAL LAW § 140.25(2).  *See* Dkt. No. 1 at 2; Dkt. No. 8, Respondent's Memorandum of Law ("R. Mem.") at 1.  He was sentenced, as a second felony offender, to serve a determinate term of nine years in prison followed by five years post-release supervision.  Dkt. No. 1 at 2; R. Mem. at 1-2.

Petitioner timely appealed to the Appellate Division, Third Department, which affirmed. *People v. Rosa,* 47 A.D.3d 1009 (3d Dep't. 2008).  The New York Court of Appeals denied leave to appeal on May 21, 2008.  *People v. Rosa,* 10 N.Y.3d 816 (2008).  Petitioner also filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §§ 440.10 and 440.20, which was denied by the Schenectady County Court on March 27, 2009. Dkt. No. 9, Ex. M (Decision and Order, Drago, J.).  The Appellate Division denied leave to appeal on May 19, 2009.  *Id.* at Ex. P.

The Supreme Court of New York, Appellate Division, Third Department, briefly summarized the facts of this case:

> In the early morning hours of July 20, 2002, defendant and two others entered the victim's apartment and removed appliances and furniture. A neighbor, who saw defendant removing the items, called the police. Upon their arrival, they spoke with defendant who explained that the victim was in custody and had asked him to watch her apartment and take care of her property. Later that day, the victim, who had not been incarcerated, discovered the burglary. Upon an investigation, stolen items stored by defendant were retrieved.

*Rosa,* 47 A.D.3d at 1009.  The specific facts are known to the parties and will be repeated only to the extent necessary to address Petitioner's claims for habeas relief.

5

III.   **DISCUSSION**

**A. Exhaustion**

Respondent argues that Petitioner failed to exhaust his claim that the police engaged in misconduct (Ground Two).  Respondent also argues that Petitioner's claim that the prosecutor engaged in misconduct (Ground Three), with the exception of his argument that the prosecutor improperly offered testimony of Maria Mazzucco, is also unexhausted, and that these claims are procedurally defaulted.  *See* Dkt. No. 8, R. Mem. at 22-26.

An application for a writ of habeas corpus may not be granted until a prisoner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981)).

Here, Petitioner never presented a claim of police misconduct to any state court.  *See* Dkt. No. 9, Ex. B (Appellant's Brief); Ex. K (Affidavit in Support of Motion Pursuant [to] CPL § 440.20)("Affidavit"); Memorandum of Law ("Mem.").  Although Petitioner argued in his section 440 motion that his statement to police was inaccurate, that argument was offered in support of

his claim that the prosecutor, not the police, engaged in misconduct by allowing the statement to be admitted into evidence.  Dkt. No. 9, Ex. K, Affidavit at 2-3; Mem. at 11-13.  Even if Petitioner's section 440 motion could be liberally construed to include his police misconduct claim as an independent ground for relief, he did not seek leave to appeal the denial of his section 440 motion on that ground.  *See* Dkt. No. 9, Ex. N (Application for Leave to Appeal Pursuant to C.P.L. § 460.15) at 1-2.  Finally, Petitioner never argued in any state court that his second statement to police was invalid because counsel was not present.  *See* Dkt. No. 9, Exs. B and K. Accordingly, Petitioner's claims of police misconduct are unexhausted.

Petitioner's prosecutor misconduct claims are also unexhausted.  Petitioner never argued in any state court that the prosecutor engaged in misconduct because he failed to prove the value of the items stolen from the victim, or that the items actually belonged to her.  *See* Dkt. No. 9, Exs. B and K.  Petitioner argued in his section 440 motion that the prosecutor engaged in misconduct by not informing him that his co-defendant, Billy Fowler, would testify against him and name him as the "primary culprit."  Dkt. No. 9, Ex. K, Affidavit at 3-4; Mem. at 12.  But he did not argue, as he does in his petition, that the prosecutor improperly "enticed" Fowler to testify against him in exchange for a reduced sentence.  Finally, while Petitioner argued in his section 440 motion that the prosecutor should not have relied on one of the statements he made to police because it was inaccurate, he did not argue, as he does in his petition, that the prosecutor should not have relied on statements he made to police when at least one of them was "improperly obtained" because the detective was under the mistaken belief that an intern from the public defender's office was an attorney.  *See* Ex. K, Mem. at 11-13.

Petitioner's unexhausted claims are also procedurally defaulted.  Petitioner cannot file a

second direct appeal to advance these claims because a criminal defendant is "entitled to one (and only one) appeal to the Appellate Division." *Aparicio v. Artuz,* 269 F.3d 78, 91 (2d Cir. 2001). The facts supporting Petitioner's claims were apparent on the record, and "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal." *Id.* at 91 (citing CPL § 440.10(2)(c)); *see Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (holding that "even if no state court had applied section 440.10(2)(c) to Clark's claim, the district court itself should have done so in the first instance pursuant to the exhaustion requirement for federal habeas."), *cert. denied* 129 S. Ct. 130 (2008); *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003) (applying section 440.10(2)(c) to claims raised for the first time in federal habeas petition). Petitioner's police and prosecutor misconduct claims are therefore "deemed exhausted" for purposes of this petition, but are also procedurally defaulted. *Sweet*, 353 F.3d at 140.[3]

Petitioner's procedurally defaulted claims may only be reviewed if he demonstrates (1) good cause for the default and actual resulting prejudice; or (2) that the denial of habeas relief would leave unremedied a "fundamental miscarriage of justice," *i.e.*, that he is actually innocent. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Sweet*, 353 F.3d at 141. Petitioner has failed to allege or establish cause for the procedural default. Therefore, the Court need not decide whether he suffered actual prejudice. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring

[3] Any section 440 motion filed by Petitioner to advance these claims would also be met by CPL §440.10(3)(c), which provides that a court may deny a motion if the defendant filed a previous motion to vacate his conviction and was in a position to raise the claims but did not. *See Murden v. Artuz*, 497 F.3d 178, 192-94 (2d Cir. 2007)(holding that the invocation of CPL § 440.10(3)(c) by a state court to deny a claim represented an adequate state ground to serve as a procedural bar to federal habeas review of the merits of an ineffective assistance of counsel claim), *cert. denied* 128 S. Ct. 1083 (2008).

to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985)(same); *Raymond v. David,* No. 04-CV-796, 2008 WL 2561997, * 4 (N.D.N.Y. Jun. 24, 2008)(same).

Finally, Petitioner has not produced any new evidence that he is actually innocent and there is no basis to conclude that the failure to consider the merits of his claims would result in a fundamental miscarriage of justice. *House v. Bell,* 547 U.S. 518, 536-39 (2006); *Schlup v. Delo,* 513 U.S. 298, 327 (1995). Accordingly, petitioner's police misconduct claim, and the majority of his prosecutor misconduct claims (Grounds Two and Three) are procedurally defaulted and are dismissed.

### B. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the adjudication of the claim: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398, 1400 (2011) (citing 28 U.S.C. §§2254(d)(1), (2)); *Premo v. Moore,* 131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). The AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (*per curiam*) (quoting *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010))(internal quotation marks omitted). Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing

evidence.'" *Schriro,* 550 U.S. at 473-74 (quoting § 2254(e)(1)).  "The question under AEDPA is

not whether a federal court believes the state court's determination was incorrect but whether that

determination was unreasonable - a substantially higher threshold."  *Id.* at 473.

### C.    Effective assistance of counsel

Petitioner was originally represented by Michael Horan, Esquire.  *See* R. Mem. at 3.

Petitioner's first trial began in April 2003.  On the third day of the trial, Horan learned that the

People's witness, Tammy Bashaw, was formerly known as Tammy Collins.  R. Mem. at 5; Dkt.

No. 9, Transcript, Apr. 24, 2003, at 435-36.  Horan previously represented Bashaw on several

matters, including her divorce.  Dkt. No. 9, Transcript, Apr. 25, 2003, at 454-55.  Although

Petitioner was willing to waive any conflict of interest, Bashaw was not willing to waive the

attorney-client privilege.  *Id.* at 456-58, 464-66.  As a result, the trial court declared a mistrial,

and later appointed Mark J. Gaylord, Esquire, to represent Petitioner.  *Id.* at 466-75; Transcript,

Apr. 30, 2003, at 2-3.  Gaylord represented Petitioner for the remainder of the trial proceedings.

In Ground One of his petition, Petitioner alleges several grounds in support of his claim

that he received ineffective assistance: (1) counsel failed to timely disclose that he represented

the victim in the past, resulting in a mistrial, which gave new counsel only four weeks to prepare

for trial; (2) counsel waived a *Huntley*[4] hearing without informing Petitioner of the importance of

the hearing; (3) counsel failed to properly advise him about whether he should accept a plea

offer; (4) counsel failed to request that the prosecutor submit lesser included offenses to the

---

[4]  *People v. Huntley*, 15 N.Y.2d 72 (1965).  A *Huntley* hearing is conducted to determine
whether a defendant's statements to the police must be suppressed on the grounds that he was subjected
to custodial interrogation without the warnings required under *Miranda v. Arizona*, 384 U.S. 436
(1966).

grand jury; (5) counsel was unprepared at trial; (6) counsel failed to properly investigate the crime scene or take photographs; (7) counsel failed to properly cross-examine witnesses or present a viable defense; (8) counsel failed to call two witnesses at trial and (9) counsel failed to permit Petitioner to testify. Dkt. No. 1 at 6-7.

Petitioner raised these claims on direct appeal. Dkt. No. 9, Ex. B at 47-51. The Appellate Division rejected them on the merits. *Rosa*, 47 A.D.3d at 1010 ("Having reviewed and rejected defendant's remaining contentions as lacking in merit, we affirm"); *see Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006) ("Although the Appellate Division's summary rejection of Mosby's coram nobis petition did not mention Mosby's federal claim, it nonetheless constituted an adjudication on the merits."), *cert. denied* 552 U.S. 836 (2007).

Petitioner also raised several of his ineffective assistance arguments in his section 440 motion. Dkt. No. 9, Ex. K, Affidavit at 3-4; Mem. at 14-20, 22-23. In a Decision and Order dated March 27, 2009, the trial court rejected his arguments, finding that Petitioner received effective assistance "[u]nder the totality of the circumstances." Dkt. No. 9, Ex. M at 6. The trial court rejected Petitioner's claim that counsel failed to advise him of the consequences of rejecting a plea offer and proceeding to trial, finding that "the record establishes that defendant was aware of a favorable plea bargain and decided to instead proceed to trial." *Id.* at 5. Specifically, on February 13, 2003, the trial court asked Petitioner if he understood what he was "charged with, the degree and seriousness of that charge and how it's classified under our laws" and that those factors affect "what type of plea-bargain you can legally get." *Id.* Petitioner responded, "Yes, ma'am." *Id.* The trial court also noted that on March 28, 2003, counsel stated that he conveyed a plea offer to Petitioner and that Petitioner did not want to accept the offer, and

wanted to proceed to trial. *Id.*

The trial court also rejected Petitioner's claim that counsel failed to call two witnesses at trial because Petitioner did not provide any "specific evidence as to what these witnesses may have testified to and is unable to explain how this may have resulted in a different verdict." Dkt. No. 9, Ex. M at 5. The court also found that Petitioner did not provide any grounds to show the absence of a strategic or other explanation for counsel's actions. *Id.*

Finally, the trial court rejected Petitioner's claim that counsel was ineffective for not submitting a written request to the prosecution to advise grand jurors of possible lesser included offenses, finding that counsel was not required to do so. Dkt. No. 9, Ex. M at 5. The court also found that counsel "zealously represented [Petitioner] and strategically decided not to request lesser included offenses be submitted to the grand jury." *Id.*

The state court decisions rejecting Petitioner's claims, entitled to AEDPA deference, were not contrary to or an unreasonable application of clearly established Supreme Court precedent. To demonstrate constitutionally ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the results of the proceedings would have been different, and as a result, petitioner suffered prejudice. *Premo*, 131 S. Ct. at 739; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice.

*Id.* at 693-94.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo*, 131 S. Ct. at 739-40 (citations and internal quotation marks omitted). Federal habeas courts "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)" because "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). Rather, "the question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Id.* Finally, when assessing prejudice, habeas courts "must consider the totality of the evidence before the judge or jury." *Berghuis v. Thompkins,* 130 S. Ct. 2250, 2264 (2010) (quoting *Strickland*, 466 U.S. at 695). Analyzed under these standards, Petitioner's claims fail.

As the state courts found, Petitioner's claims that his first attorney was ineffective are without merit. A mistrial was declared in Petitioner's first trial because counsel had a conflict of interest, but Petitioner has not shown that he suffered prejudice as a result of the mistrial. Although he argues that his second attorney had only four weeks to prepare, the record reveals that his second attorney vigorously represented Petitioner by cross-examining witnesses, making appropriate objections and motions, requesting lesser included offenses be submitted to the jury, and giving a cogent summation. *See, e.g.,* Dkt. No. 9, Trial Tr. at 250, 252, 254-69, 270-76, 293-303, 305-17, 319, 327-43, 346-61, 366-86, 420-22; Dkt. No. 11, Trial Tr., at 28-34, 59-86, 112-18, 135-41, 142-44, 151, 165, 178, 180-192, 203-204, 219-24, 227.

Petitioner's claim that counsel waived the *Huntley* hearing without explaining to him the

importance of the hearing is also unsupported by the record.  Counsel and Petitioner agreed to

waive the hearing after Petitioner "provided [counsel] with some additional information" about

his statement.  Transcript, Feb. 13, 2003, at 2-3.  In any event, this argument relates to counsel's

tactical or strategic choices, which are "virtually unchallengeable" in the context of federal

habeas corpus proceedings.  *Strickland*, 466 U.S. at 690; *Campbell v. Greene*, 440 F. Supp. 2d

125, 150 (N.D.N.Y. 2006).  It is worth noting that the trial court rejected Petitioner's section 440

claim that his statement was involuntary and its contents inaccurate, finding that he "voluntarily

provided a statement to the police."  Dkt. No. 9, Ex. M at 3.  Thus, Petitioner cannot show that he

suffered prejudice by counsel's strategic decision to waive the *Huntley* hearing.

     Petitioner's general, unspecific claims that counsel failed to properly investigate the crime

scene or take photos, cross-examine unnamed witnesses, call unidentified witnesses, or to request

that the prosecutor submit lesser included offenses to the grand jury for consideration (Dkt. No. 1

at 5-6) are too vague to permit meaningful review.  *McBean v. Warden*, No. 08-CV-150, 2008

WL 5169549 at *14 (N.D.N.Y. Dec. 9, 2008); *Brown v. New York*, No. 04-CV-1087, 2006 WL

3085704, at *7 (E.D.N.Y. Oct. 30, 2006); *Skeete v. People of New York State,* No. 03-CV-2903,

2003 WL 22709079 at *2 (E.D.N.Y. Nov. 17, 2003).  Moreover, conclusory allegations "are

insufficient to meet the rigorous standard under *Strickland v. Washington*."  *Smalls v. McGinnis*,

No. 04 Civ. 0301, 2004 WL 1774578, at *23 (S.D.N.Y. Aug. 10, 2004); *see Powers v. Lord,* 462

F. Supp. 2d 371, 381 (W.D.N.Y. Nov. 2, 2006) (rejecting claim that counsel was ineffective for

not investigating and calling witnesses at trial because Petitioner did not identify the witnesses or

how they would have revealed information helpful to his case).

     Petitioner's claim that counsel did not properly advise him regarding a plea or the

consequences of proceeding to trial is conclusory and belied by the record.  The trial court found

that Petitioner "was aware of a favorable plea bargain and instead decided to proceed to trial."

Dkt. No. 9, Ex. M at 5.  At pretrial conferences held on February 13, March 28 and April 22,

2008, Petitioner confirmed that he discussed the plea offer with counsel, that he understood he

faced a maximum sentence of fifteen years in prison, and that the prosecutor's plea offer was

three years in prison followed by three years postrelease supervision.  *See* Dkt. No. 9, Transcript,

Feb. 13, 2003, at 2-12; Transcript, Mar. 28, 2003, at 2; Transcript, Apr. 7, 2003, at 2.  On April

22, 2003, Petitioner counsel explained to the court that further plea discussions would not be

fruitful because Petitioner was not interested in accepting the prosecutor's offer of the legal

minimum sentence of three years in prison.  Dkt. No. 9, Transcript, Apr. 22, 2003, at 2-4.  In any

event, the plea offer was withdrawn during the same pretrial conference.  *Id.* at 4-5.

     Finally, the record refutes Petitioner's claim that counsel did not advise him of the right

to testify.  Criminal defendants have a constitutional right to testify on their own behalf, *Rock v.

Kansas*, 483 U.S. 44, 49-51 (1987), and trial counsel must advise the defendant "about the

benefits and hazards" associated with doing so.  *Rega v. United States*, 263 F.3d 18, 21 (2d Cir.

2001) (quoting *Brown v. Artuz*, 124 F.3d 73, 78-79 (2d Cir. 1997), *cert. denied* 522 U.S. 1128

(2002)), *cert. denied* 534 U.S. 1096 (2002).  Counsel must also inform the defendant that "the

ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by

the defendant's decision on this matter.  *Brown,* 124 F.3d at 79.

     In this case, the trial court asked counsel if he discussed with Petitioner "the fact that it's

his right and it's his decision whether to testify or not testify."  Dkt. No. 9, Trial Tr. at 345.

Counsel informed the court that he and Petitioner "discussed it extensively throughout this trial,

and more specifically at length this morning, and I believe that it's his decision and it's an informed decision on his part." *Id*. The trial court noted that Petitioner was present, "he's listening, and if he has a problem with that he can pipe up certainly I'm sure." *Id.* at 346. Moreover, even assuming that counsel did not advise Petitioner, he has not shown that the outcome would have been different had he testified. *See Brown*, 124 F.3d at 79-81 (defendant claiming ineffective assistance due to counsel's failure to advise about personal right to testify must still establish prejudice under second prong of *Strickland* ); *Baker v. Greene*, No. 03-CV-6368P, 2010 WL 3504783, at *11 (W.D.N.Y. Sept. 2, 2010) ("even if Petitioner had not been advised that it was his decision whether to testify, or trial counsel had prevented him in some way from doing so, Petitioner has offered no evidence demonstrating that his failure to testify prejudiced his defense.").

     In conclusion, the state court decisions rejecting Petitioner's ineffective assistance claims were not contrary to or an unreasonable application of *Strickland*. *See Richter,* 131 S. Ct. at 791 ("*Strickland* does not guarantee perfect representation, only a reasonably competent attorney") (internal quotation marks omitted); *Jenkins v. Unger*, No. 03-CV-1172, 2007 WL 911889, at *6 (N.D.N.Y. Mar. 22, 2007) (discussing reluctance to second-guess counsel's trial strategy simply because that strategy was unsuccessful); *Minigan v. Donnelly*, No. 01-CV-0026A, 2007 WL 542137, at *22-23 (W.D.N.Y. Feb. 16, 2007) (a reviewing court "must avoid confusing true ineffectiveness with mere losing tactics . . . a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice.") (internal quotations and citations omitted), *adopted by* 2007 WL 981762 (W.D.N.Y. Mar. 30, 2007). Ground One of the petition is denied and dismissed.

### D. Prosecutor misconduct

Petitioner's only properly exhausted prosecutor misconduct claim is that the prosecutor improperly offered Maria Mazzucco's testimony at the second trial. Petitioner argues that Mazzucco's testimony changed significantly from the first trial to the second trial, and the prosecutor knew or should have known her testimony was therefore perjured. Dkt. No. 1 at 8; Dkt. No. 1, Mem. at 5. This claim is procedurally barred by an adequate and independent state court finding of default.

Federal habeas review of a state court decision is prohibited if the state court rested its judgment on an "adequate and independent state ground." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999). "[T]his rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). If the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a habeas petition. *Harris,* 489 U.S. at 264 n. 10.

Petitioner raised the Mazzucco misconduct claim in his section 440 motion. *See* Dkt. No. 9, Ex. K, Mem. at 7-10. The trial court rejected it, finding that Petitioner could have raised the claim on direct appeal, but "unjustifiably failed to" do so. Dkt. No. 9, Ex. M at 2 (quoting CPL § 440.10(2)(c)). The state court's rejection of Petitioner's claim pursuant to CPL § 440.10(2)(c) rests upon an independent and adequate state ground and federal review of the claim is thus barred. *Clark,* 510 F.3d at 393; *Sweet,* 353 F.3d at 140. That is true even though the state court also rejected the claims on other grounds in the alternative. Dkt. No. 9, Ex. M at 2; *see Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal

17

claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

Petitioner has not alleged or establish cause for his failure to raise this claim on direct appeal. *See* Dkt. No. 1 at 7; Dkt. No. 1, Mem. at 3-4; Dkt. No. 9, Exs. B and K.  Since Petitioner has not established cause for his procedural default, the Court need not decide whether he suffered actual prejudice. *Murray,* 477 U.S. at 496.  Finally, Petitioner has not produced any new evidence that he is actually innocent, and there is no basis to conclude that the failure to consider the merits of this claim would result in a fundamental miscarriage of justice. *House,* 547 U.S. at 536-39; *Schulp,* 513 U.S. at 327.  Accordingly, Petitioner's prosecutor misconduct claim based upon Mazzucco's testimony is procedurally defaulted and dismissed.

**WHEREFORE**, based upon the foregoing, it is

**ORDERED** that Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and it is

**ORDERED** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated : December 7, 2011

Thomas J. McAvoy
Senior, U.S. District Judge